IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:10-CR-133-CSC |
| | ) | |
| TONY SHUFFORD | ) | |

**ORDER**

Now pending before the Court is defendant's second *Motion to Continue Trial* (doc.#14) filed on October 28, 2010. Upon consideration of the motion, the court concludes that the motion should be granted.

While the granting of a motion for continuance is left to the sound discretion of the court, the Speedy Trial Act places limits on that discretion. *See* 18 U.S.C. § 3161. Under the act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990). Excluded from this 70 day period is any continuance which a judge grants "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Before granting a continuance, the court must consider among other factors "[w]hether the failure to grant [the] continuance . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I). *See also United States v. Wentland*, 582 F.2d 1022 (5th Cir. 1978). The court also must consider "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the

exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

The defendant has requested pretrial diversion and his application is pending before the United States Attorney. Additional time is necessary to consider the defendant's application. Furthermore, the United States does not oppose a continuance. Consequently, requiring a trial under these circumstances is not beneficial to the parties or the public. For these reasons, the court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial, and it is

ORDERED that the motion to continue trial (doc. # 14) be and is hereby GRANTED. It is further

ORDERED as follows:

1. That this case be and is hereby CONTINUED for jury selection on and trial during the term beginning on **January 10, 2011.**

2. That this case be and is hereby set for a pretrial conference on **December 20, 2010,** at **1:00 p.m.**

3. All applicable deadlines contained in the prior arraignment order are adjusted accordingly; provided, however, that the deadline for the filing of pretrial, dispositive motions is not extended.

Done this 30th day of October, 2010.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE